IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

SABAL TRAIL TRANSMISSION, LLC,   *

    Plaintiff,   *

vs.   *   CASE NO.
    4:16-cv-119

REAL ESTATE, *et al.*,   *

    Defendants.   *

_____

O R D E R

Defendant Mae Ola Alston Ra'Oof, who is proceeding pro se, filed a brief asking the Court "NOT [to] GRANT Sabal Trail Transmission, LLC the Right to Condemn farmland belonging to the Estate of Richard Alston and Bobbie Alston, et al." Def.'s Br. 2, ECF No. 35 in 4:16-cv-119. Ra'oof attached several exhibits to her brief, including a notice of administrator for the estate of Rufus Alston. Though Ra'Oof did not state the basis for her request or explain the relevance of the exhibits she submitted, the Court considers her brief to be an out-of-time motion for reconsideration of the Court's previous order granting partial summary judgment in favor of Sabal Trail. The motion for reconsideration is denied.

The Court already concluded that "Sabal Trail has established as a matter of law that it has a right to condemn the easements under the Natural Gas Act." Order Granting Mots.

for Partial Summ. J. & Mots. for Prelim. Inj. 15, ECF No. 27 in
4:16-cv-119 (ECF No. 88 in 4:16-cv-97). The Court also
concluded that "Sabal Trail is entitled to immediate possession
of the easements once it posts proper security bonds with the
Clerk of the Court for each condemned property." *Id.* at 21.
This ruling means that the Court has already granted Sabal Trail
the right to condemn the farmland at issue in this case. Ra'Oof
did not provide any legal basis for the Court to reconsider its
prior conclusion.

The Court notes that Ra'Oof previously filed a motion to
dismiss Sabal Trail's action because she and several other
Defendants believed that they had reached a deal with Sabal
Trail regarding the easement; those Defendants sought to enforce
the agreement. *See* Def.'s Mot. to Dismiss, ECF No. 13 in 4:16-
cv-119. The Court denied the motion to dismiss because "the
proper vehicle for asserting objections and defenses to a taking
is the answer, not a motion to dismiss." Order Granting Mots.
for Partial Summ. J. & Mots. for Prelim. Inj. 9. In addition,
Sabal Trail identified twenty-eight individuals who may have an
interest in the property. Defendants asserted in their motion
to dismiss that eight individuals agreed to a deal with Sabal
Trail. And Ra'Oof submitted an exhibit suggesting that five
additional Defendants would agree to a deal. Def.'s Br. Ex. B,
ECF No. 35-8 in 4:16-cv-119. But Defendants did not establish

that *everyone* who has an interest in the property agreed to the deal before Sabal Trail filed this suit, which means that Defendants have not refuted Sabal Trail's assertion that it could not acquire the easement by contract. For all of these reasons, the Court declines to reconsider its prior order granting partial summary judgment in favor of Sabal Trail.

The next step in this case is determination of the amount of just compensation. The case is currently in discovery, which is when the parties must gather evidence to support their position on the amount of just compensation. *See* Scheduling/Discovery Order, ECF No. 33 in 4:16-cv-119. Discovery will close on March 31, 2017. *Id.* at 16. Summary judgment motions are due by May 15, 2017. *Id.* If there is a genuine fact dispute on the amount of just compensation, then the Court will hold proceedings to determine the amount of just compensation. Of course, if Defendants can reach a deal with Sabal Trail to which *all* of the individuals who hold an interest in the property agree, then such further proceedings would be unnecessary.

IT IS SO ORDERED, this 16th day of December, 2016.

s/Clay D. Land
_____
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA