IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

SABAL TRAIL TRANSMISSION, LLC, *

    Plaintiff, *
        CASE NO.
vs. * 4:16-cv-119 (Estate of
        Richard Alston & Bobbie
REAL ESTATE *et al.*, * Alston *et al.*)

    Defendants. *

O R D E R

Presently pending before the Court is Plaintiff Sabal Trail Transmission, LLC's summary judgment motion on the issue of just compensation in this condemnation action. As discussed below, the Court grants Sabal Trail's motion (ECF No. 41) and finds that $9,400 is just compensation for the easements.

I. **Background**

Plaintiff Sabal Trail Transmission, LLC received authorization from the Federal Energy Regulatory Commission to build an interstate natural gas pipeline. Sabal Trail brought this condemnation action under the Natural Gas Act, 15 U.S.C. §§ 717-717z, seeking permanent and temporary easements over one tract of land in Terrell County, Georgia. According to Sabal Trail, the property was part of the Estate of Richard and Bobbie Alston, and Sabal Trail named as Defendants in this action the Estate and individuals "known to have or claim an

interest in the Property from which easements and associated rights are sought to be condemned." Compl. ¶ 5, ECF No. 1. Each Defendant was served personally with notice of this action in accordance with Federal Rule of Civil Procedure 71.1(d)(3)(A) or by publication in accordance with Federal Rule of Civil Procedure 71.1(d)(3)(B).

On June 10, 2016, the Court concluded that Sabal Trail was entitled to possession of the easements it sought once it posted a security bond. *Sabal Trail Transmission, LLC v. Estate*, No. 4:16--CV-119, 2016 WL 3248367, at *10, *17 (M.D. Ga. June 10, 2016), amended, No. 4:16-CV-119, 2016 WL 3251577 (M.D. Ga. June 10, 2016). Sabal Trail posted the security bond on July 1, 2016. Pl.'s Notice of Posting Security Bonds, July 1, 2016, ECF No. 31. The only remaining issue is just compensation.

**II. Discussion**

Just compensation means "the fair market value of the property on the date of the taking." *United States ex rel.TVA v. 1.72 Acres of Land in Tenn.*, 821 F.3d 742, 756 (6th Cir. 2016) (citing *United States v. Miller*, 317 U.S. 369, 373–74 (1943)). In a partial takings case like this one, just compensation "is the difference in fair market value of the whole tract before and after the taking." *Id.* (quoting *United States ex rel. TVA v. Easements and Rights-of-Way over 6 Acres of Land*, 117 F. App'x 422, 423 (6th Cir. 2004)); *accord United States v.*

*33.92356 Acres Of Land*, 585 F.3d 1, 9 (1st Cir. 2009) (collecting cases); *United States v. 68.94 Acres of Land, More or Less, Situate in Kent Cty., State of Del.*, 918 F.2d 389, 393 (3d Cir. 1990). Generally, "market or comparable sales data . . . is the best evidence of market value." *1.72 Acres of Land in Tenn.*, 821 F.3d at 757.

Sabal Trail argues that just compensation for the easements in this case is $9,400.00. Pl.'s Mem. in Supp. of Mot. for Summ. J. 2, ECF No. 41-1. Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In this condemnation case, Defendants have the "burden to prove, by a preponderance of the evidence, what amount constitutes just compensation." *1.72 Acres of Land in Tennessee*, 821 F.3d at 756. Defendants were entitled to "present evidence on the amount of compensation to be paid." Fed. R. Civ. P. 71.1(e)(3). None of the Defendants responded to Sabal Trail's summary judgment motion or presented any evidence on what amount constitutes just compensation for the easements.

Sabal Trail did present evidence on the issue of just compensation: the expert report of Mike Everett, a certified real property appraiser. Everett Report, ECF No. 43 at 6-76. Everett conducted an appraisal of the property and concluded

that the "before" value of the parcel as of July 1, 2016 was $162,000 and the "after" value, taking into account the temporary and permanent easements, was $155,260.  *Id.* at 9.  Therefore, according to Everett, just compensation for the easements in this case is $6,740.00.  *Id.*  For purposes of summary judgment, however, Sabal Trail is willing to stipulate that $9,400.00 is just compensation for the easements; that is the amount of Sabal Trail's final offer to the owners of the property, several of whom accepted.  Pl.'s Mem. in Supp. of Mot. for Summ. J. 9, ECF No. 41-1.  Again, Defendants did not present any evidence on the issue of just compensation.  Based on the record before it, the Court concludes that $9,400 is just compensation for the easements in this case.

**III. Payment of Compensation by Sabal Trail and Claimant's Application for Obtaining Disbursement**

Within twenty-eight days of the date of this Order, Sabal Trail shall pay into the registry of the Court $9,400 plus prejudgment interest from the date of the taking (July 1, 2016), which shall be calculated at a legal rate of interest of seven percent per annum simple interest.  Once this amount is paid into the registry of the Court, the security bond previously posted by Sabal Trail shall be released.

Defendants may apply to the Court for distribution of the award in accordance with their respective ownership interests.

4

Defendants may apply for a distribution of the award by sending an application to the Clerk of Court, P.O. Box 124, Columbus GA 31902. The Clerk shall docket each application electronically. The application should include:

- The applicant's name, address, and email address (if any).
- The applicant's claimed interest in the property and the basis for that claim.
- Proof of the applicant's interest in the property.

Applications must be postmarked by **December 1, 2017**. Any questions regarding the application process should be directed to the Clerk's office via telephone (706-649-7816) or email (columbus.ecf@gamd.uscourts.gov). If multiple applications are received, the Court will schedule a hearing to determine how the proceeds should be distributed.

**IV. Providing Notice to Defendants**

None of the Defendants have registered for electronic filing through the Court's electronic filing system and thus will not receive electronic notice of this Order automatically. The Clerk shall serve a copy of this Order via U.S. mail on each of the Defendants listed in Appendix A to this Order. And, within seven days of the date of this Order, Sabal Trail shall mail a copy of this Order to any Defendant who is not listed in Appendix A but whose address is known to Sabal Trail.

Sabal Trail shall also assist the Court with service of this Order by publication on those Defendants whom Sabal Trail represents could not be located despite a diligent search. Those Defendants are listed in Appendix B to this Order. Based on Sabal Trail's prior representations, the appropriate newspaper for publication of this notice is *The Dawson News*. Within twenty-eight days of the date of this Order, Sabal Trail shall:

1. Prepare for the Clerk of Court's signature a cover letter to the publisher providing instructions for publishing the notice in accordance with the requirements set forth in Federal Rule of Civil Procedure 71.1(d)(3)(B).[1]

2. Provide to the Clerk a check made out to the publisher for the cost of publishing the notice; and

3. Prepare and submit to the Clerk a proposed notice to be published.

Once Sabal Trail provides the cover letter, check, and proposed notice to the Clerk, the Clerk shall submit these items to the publisher and cause publication of the notice. The Clerk shall note on the docket when this task is complete. Once publication is complete, Sabal Trail shall obtain and submit to the Court via CM/ECF a publisher's affidavit demonstrating that the notice was published.

---

[1] The Court recognizes that Rule 71.1(d)(3)(B) provides the procedure for service of an initial condemnation notice by publication. The Court finds that this procedure should be used to notify Defendants who could not be located of the just compensation award and the process for applying for a share of the award.

**V.   Legal Title to Easements**

After Sabal Trail pays into the registry of the Court the amount stated above and files the publisher's affidavit demonstrating that notice of this Order was published, Sabal Trail shall submit to the Court a proposed final order vesting Sabal Trail with legal title to the permanent and temporary easements.

IT IS SO ORDERED, this 21st day of August, 2017.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

APPENDIX A

The Clerk shall serve a copy of this Order via U.S. mail on each of the following Defendants:

Corrick Alston
1559 Guardian Drive
Jacksonville, FL 32221

Day'Unna Alston
445 DE Short Road
Dawson, GA 39842

Dorothy Louise Alston
212 Johnson Street
Bronwood, GA 39826

Jarrett Alston
4160 New Hope Road
Dawson, GA 39842

King Alston
311 Flint Street
Bronwood, GA 39826

Marvin Alston
148 Killong Street
Bronwood, GA 39826

Melvin Gene Alston
2097 George Jennings Road
Bronwood, GA 39826

Richard Lee Alston, Jr.
2097 George Jennings Road
Bronwood, GA 39826

Wanda Dodson Alston
445 DE Short Road
Dawson, GA 39842

Willie James Alston
207 Oak Street
Dawson, GA 39826

Willie James Alston
207 Oak Street
Bronwood, GA 39826

Mae Ola Alston Barge Ra'Oof
100 Lakeside Trail
Fayetteville, GA 30214

Dorothy Alston Coleman
1421 George Jennings Road
Dawson, GA 39842

Vangela Hall
212 Pine Level Road
Americus, GA 31719

Teresa Alston Harris
8064 Sleepy Bay Boulevard
Navarre, FL 32566

Shabricca Jackson
2845 McLain Lane
Albany, GA 31707

Gabriel Johnson
837 Summit Drive, NE
Dawson, GA 39842

Labreka Morris
2122 Oxford Road
Albany, GA 31721

La'Sherra Alston Rogers
4160 New Hope Road
Dawson, GA 39842

Barbara Alston Sherman
1174 South Herod Road
Dawson, GA 39842

Barbara Alston Sherman
1174 Herod Hwy
Dawson, GA 39842

APPENDX B

The following Defendants may be served with a copy of this Order by publication:

    Bernece Alston
    John Alston
    Marvin Alston
    Mary Alston
    Valerie Alston
    Shirley Armstrong
    April Cannon a/k/a April Mobley
    Estate of Richard Alston & Bobbie Alston
    Tenesha Huckaby
    Minni Mitchell